Filed 3/18/24  P. v. Wright CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>FREDERICK LAMONT WRIGHT,<br><br>     Defendant and Appellant. | E079168<br><br>(Super.Ct.No. FVI21003194)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

The petition for rehearing is denied.  The opinion filed in this matter on February 23, 2024, is modified as follows:

Page 12, lines 17-18, add "not" after "was" and before "on probation . . . ."

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

                                                            CODRINGTON                    
                                                                                    J.

We concur:

McKINSTER                    
                 Acting P. J.

MILLER                    
                 J.

1

Filed 2/23/24  P. v. Wright CA4/2 (unmodified opinion)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


THE PEOPLE,

    Plaintiff and Respondent,

v.

FREDERICK LAMONT WRIGHT,

    Defendant and Appellant.

E079168

(Super.Ct.No. FVI21003194)

OPINION


APPEAL from the Superior Court of San Bernardino County.  Kawika Smith, Judge.  Affirmed.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Paige B. Hazard, Joy Utomi, and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

A jury found defendant and appellant Frederick Lamont Wright guilty of first degree burglary (Pen. Code,[1] § 459; count 1). In a bifurcated proceeding, the trial court found true that defendant had suffered a prior burglary conviction that constituted a prior strike (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and a prior serious felony (§ 667, subd. (a)(1)). After the trial court declined to dismiss defendant's prior strike and prior serious felony conviction, defendant was sentenced to a total term of 13 years in prison: the middle term of four years, doubled to eight due to the prior strike, plus five years for the prior serious felony enhancement. On appeal, defendant contends the trial court abused its discretion when it declined to strike his prior serious felony conviction. We find no abuse of discretion and affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2021, while away from his home, J.S. received an alert from his home video surveillance system that someone was inside his home. J.S. checked the alert and saw multiple people burst into his home and take his property. J.S. called law enforcement to report the burglary. An officer arrived on scene and observed a sports utility vehicle (SUV) parked in front of J.S.'s home. When the SUV fled the scene, a

---

[1] All future statutory references are to the Penal Code.

chase ensued. With the assistance of a police helicopter unit, officers located the vehicle on a dirt road.

The vehicle was still running, and the doors were open, but there was no one inside. Officers searched the area and discovered defendant near the vehicle as he was trying to conceal himself by "ducking under a bush and running through the dirt field." Defendant was the only person officers located in the area. Defendant was found in possession of bank cards belonging to two of J.S.'s relatives who lived in J.S.'s home, a black glove, and a set of keys. Officers also searched the area defendant had been sitting in their patrol vehicle and found an identification card and keepsakes belonging to J.S.'s relative.

Defendant denied burglarizing J.S.'s home. He claimed that he was in the area waiting for a ride when he saw the vehicle drive recklessly onto the dirt road and several people running from the vehicle. He claimed that he had picked up the items belonging to J.S. after the people who ran from the vehicle had dropped them. Defendant acknowledged that he had previously been convicted of residential burglary, inflicting corporal injury on a spouse, receiving stolen property, and possessing another person's identification card.

Following a jury trial, defendant was convicted of first degree burglary (§ 459). After defendant waived his right to a jury trial on the special allegations, in a bifurcated proceeding, the trial court found true that defendant had suffered a prior strike (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and a prior serious felony (§ 667,

subd. (a)(1)) conviction, to wit, a 2017 residential burglary conviction. The court found true the following sentencing factors in aggravation: the crime was carried out with planning, sophistication, or professionalism; defendant's prior convictions were numerous or increasing in seriousness; and defendant served a prior prison or jail term.

The sentencing hearing was held on May 26, 2022. The trial court noted that it had reviewed the probation report, which recommended an aggregate sentence of 13 years in prison (the middle term of four years, doubled to eight years due to the prior strike, plus five years for the prior serious felony enhancement). The court stated that there were a number of aggravating factors, explaining that defendant had "a fairly extensive criminal record," including a prior strike, two convictions of corporal injury, a burglary conviction, and an assault charge. The court recognized that although the victims in the case had recovered the majority of their property, there was "emotional trauma that goes with the violation of someone's personal space" and having a stranger breach one's home, rummage through their property and take from the home. The court noted that it was "struggling" with whether to exercise its discretion to impose the five-year enhancement saying, "so it's coming down to 8 years or 13 years" and inviting further argument on the issue.

The prosecutor argued that the trial court should impose the prior serious felony enhancement term, and not exercise its discretion to strike it, because the prior burglary conviction was recent and was the same conduct that defendant was convicted of in the present matter. The prosecutor also noted that defendant did not take responsibility for

4

his actions even after the jury's conviction and that the jury found defendant's story unbelievable and his testimony not credible. Defense counsel argued that the court should strike the five-year enhancement term because the underlying conviction was already considered as a strike prior used to double the principal term from four to eight years. Defense counsel also noted that the prior burglary offense occurred in 2016 and that the victims had recovered most of their items. Emphasizing defendant's extensive criminal history and that this was defendant's second conviction for first degree burglary in a recent period, the trial court declined to strike the prior serious felony conviction and exercised its discretion to impose the five-year enhancement term. The court thus sentenced defendant to a total term of 13 years in prison. Defendant timely appealed.

III.

DISCUSSION

Defendant argues the trial court abused its discretion by failing to dismiss the five-year prior serious felony enhancement pursuant to its discretion under amended section 1385. Specifically, he argues the court was required to dismiss the enhancement in furtherance of justice because of three mitigating circumstances pursuant to section 1385, subdivision (c): the current offense was not a violent felony, the prior serious felony conviction was over five years old, and a sentence without the five-year enhancement would be sufficient punishment.

The People contend that the first and second reasons are forfeited because defendant did not explicitly bring those reasons to the attention of the trial court.

5

Alternatively, the People assert that the trial court properly considered whether to strike the five-year prior serious felony enhancement under subdivision (c) of section 1385, weighing both mitigating and aggravating circumstances, and properly exercised its discretion in declining to do so.

A. *Legal Background*

Effective January 1, 2019, Senate Bill No. 1393 amended sections 667, subdivision (a), and 1385, subdivision (b), to allow trial courts to exercise their discretion to strike or dismiss a five-year enhancement for a prior serious felony conviction "in furtherance of justice." (Stats. 2018, ch. 1013, §§ 1-2; see *People v. Shaw* (2020) 56 Cal.App.5th 582, 585.) The statute did not provide direction as to how courts should exercise that discretion. However, recognizing the requirement the court's action be "'"'in furtherance of justice'"'" is an "'amorphous concept,'" the California Supreme Court has sought to elucidate general principles to guide a trial court in exercising its sentencing discretion. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 530-531; *People v. Williams* (1998) 17 Cal.4th 148, 160-161 (*Williams*).) Recently, the Legislature similarly sought to provide the trial courts with "clear guidance on . . . when" to dismiss sentencing enhancements or other allegations under section 1385 by specifying circumstances for courts to consider in their determinations. (Sen. Rules Com., Off. of Sen. Floor Analyses, Sen. Bill No. 81 (2021-2022 Reg. Sess.) as amended Aug. 30, 2021, p. 5.) "In October 2021[,] the Legislature passed and the Governor signed Senate Bill No. 81 . . . (Stats. 2021, ch. 721, § 1), which, effective January 1, 2022, amended

6

section 1385 . . . ." (*People v. Anderson* (2023) 88 Cal.App.5th 233, 238, review granted Apr. 19, 2023, S278786 (*Anderson*).)

Senate Bill No. 81 amended section 1385 by adding subdivision (c). (Stats. 2021, ch. 721; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295 (*Mendoza*).) Section 1385, subdivision (c), states in part: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." The mitigating circumstances identified in the subparagraphs include that "[m]ultiple enhancements are alleged in a single case," "[t]he current offense is not a violent felony as defined in subdivision (c) of Section 667.5," and "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(B), (F) & (H).)

Thus, effective January 1, 2022, California law provides that a trial court "shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1); *Mendoza*,

7

*supra*, 88 Cal.App.5th at p. 295; *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1093-1094, review granted Apr. 12, 2023, S278894 (*Ortiz*).) In exercising its discretion under subdivision (c)(1), a trial court "shall consider and afford great weight to evidence offered by the defendant" to prove one of nine enumerated mitigating circumstances. (§ 1385, subd. (c)(2); *Mendoza*, at pp. 295-296; *Ortiz*, at pp. 1093-1094.) "Proof of the presence of one or more of these [mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2); *Mendoza*, at p. 299; *Ortiz*, at pp. 1093-1094.) The term "'[e]ndanger public safety'" is statutorily defined as "a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2); *Mendoza*, at pp. 295-296; *Ortiz*, at pp. 1093-1094.) There is no requirement for the trial court to consider particular factors in determining whether dismissal would endanger public safety. (*Mendoza*, at p. 299.) Together, section 1385, subdivisions (c)(1) and (c)(2) establish the following: (1) the trial court has discretion to dismiss sentencing enhancements in the interests of justice; (2) certain mitigating circumstances weigh greatly in favor of dismissal; and (3) a finding of danger to public safety will overcome the mitigating circumstances. (See *Mendoza*, at pp. 295-297; *Anderson*, *supra*, 88 Cal.App.5th at p. 239; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 18.) "Section 1385 makes clear that whether dismissal of an enhancement is 'in the furtherance of justice' is a 'discretion[ary]' call for the trial court to make." (*People v. Walker* (2022) 86 Cal.App.5th 386, 395, review granted March 22, 2023,

S278309 (*Walker*); see § 1385, subd. (c)(2) ["*In exercising its discretion . . .*" (italics added)].)[2]

B. *Standard of Review*

A trial court's decision whether to dismiss an enhancement pursuant to section 1385, subdivision (c), is reviewed for an abuse of discretion. (*Mendoza*, *supra*, 88 Cal.App.5th at p. 298.) A trial court abuses its discretion if it acts so irrationally or arbitrarily that no reasonable person could agree with its refusal to dismiss the prior conviction. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377 (*Carmony*); see *Mendoza*, at p. 299.) "'"In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." [Citations.]'" (*Carmony*, at pp. 376-377.) Furthermore, "'"[a]n appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"" [Citations.]" (*Id.* at p. 377.) A trial court also abuses its discretion by basing its decision on an impermissible consideration or on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156; see *People v. Nakano* (2023) 89 Cal.App.5th 623,

---

[2] We observe that a split of authority has emerged among the Courts of Appeal regarding the application of section 1385, subdivision (c)(2). (Compare *Walker*, *supra*, 86 Cal.App.5th 386 with *Ortiz*, *supra*, 87 Cal.App.5th 1087.) How courts should construe and apply the newly added provision is a question currently pending before the California Supreme Court. In granting review of the *Walker* decision, our high court defined the issue as follows: "Does the amendment to . . . section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?" (*People v. Walker*, S278309, Supreme Ct. Mins., March 22, 2023.)

635 [noting that an abuse of discretion occurs when the trial court applies the "'wrong legal standard'"].) """"Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court."""" (*People v. Flores* (2020) 9 Cal.5th 371, 431.)

C. *Analysis*

Defendant here argues that the trial court abused its discretion in failing to dismiss the prior serious felony conviction because the "current offense is not a violent felony as defined in subdivision (c) of Section 667.5" (§ 1385, subd. (c)(2)(F)), was "based on a prior conviction that is over five years old" (§ 1385, subd. (c)(2)(H)), and his sentence without the five-year enhancement would still punish him for his recidivism.

Contrary to the People's assertion, we do not find defendant forfeited his claim as to his latter two reasons. (*People v. Hiller* (2023) 91 Cal.App.5th 335, 344.) Although not clearly articulated, defense counsel argued those two grounds during the sentencing hearing. "In any event, we have discretion to reach forfeited claims. [Citations.]" (*Ibid.*, citing *People v. Smith* (2003) 31 Cal.4th 1207, 1215 [appellate court has discretion to reach forfeited claims]; *Williams*, *supra*, 17 Cal.4th p. 161, fn. 6 [same].)

Addressing the merits of defendant's claim, we disagree that the trial court was required to dismiss the prior serious felony enhancement. We read subparts (1) and (2) of section 1385, subdivision (c), together, such that evidence weighing greatly in favor of dismissal of an enhancement under the statute, and any countervailing consideration concerning danger to public safety (§ 1385, subd. (c)(2)) inform, but do not restrict the

10

court's exercise of discretion to "dismiss an enhancement *if* it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1), italics added.) We agree with the reasoning in *Ortiz* that "the specification of mandatory factors did not displace the trial court's obligation to exercise discretion in assessing whether dismissal is 'in furtherance of justice.'" (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1093, citing § 1385, subd. (c)(1)-(2); see *People v. Johnson* (2022) 83 Cal.App.5th 1074, 1091, review granted Dec. 14, 2022, S277196.) "The plain language of section 1385[, subdivision] (c)(2) contemplates the trial court's exercise of sentencing discretion, even as it mandates that the court give 'great weight' to evidence of enumerated factors." (*Ortiz*, at p. 1096.) The *Ortiz* court rejected the contention that the existence of a statutory mitigating circumstance compels a trial court to dismiss an enhancement absent a finding that a dismissal would endanger public safety. (*Id*. at p. 1098.) It concluded, and we agree, that "the ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement." (*Ibid*.; see § 1385, subd. (c)(1).)

Furthermore, "'[G]enerally applicable sentencing principles' relevant to a court's determination of whether dismissal is in furtherance of justice 'relat[e] to matters such as the defendant's background, character, and prospects.' [Citation.] Those principles require consideration of circumstances in mitigation (and aggravation) in the broader context of the recognized objectives of sentencing, which are not limited to public safety." (*Ortiz*, *supra*, 87 Cal.App.5th at p. 1097.) The court here declined to strike the enhancement, based on defendant's current offense, prior offense, and background. As

11

the trial court stated at sentencing, the probation report listed a number of aggravating factors, including defendant's "fairly extensive criminal record." Defendant was a career criminal, with his criminal record spanning over 20 years, beginning in 1999. He had two prior convictions for inflicting corporal injury on a spouse or cohabitant, numerous drug-related convictions, theft-related convictions, a 2016 conviction for first degree burglary, a 2019 conviction for misdemeanor assault by means likely to produce great bodily injury. Moreover, defendant had violated probation over 17 times, the most recent being in 2017, and had served multiple jail and prison sentences. The court also noted the circumstances of the current offense, explaining although the victims in this case had recovered the majority of their property, there was "emotional trauma that goes with the violation of someone's personal space" and having a stranger breach one's home, rummage through their property and take from the home.

Furthermore, the probation report reflects other circumstances in aggravation, which include: the nature and circumstances of the crime were serious; defendant was an active participant in the crime; the manner in which the crime was carried out indicated planning, sophistication, or professionalism; defendant's convictions were regular and of increasing seriousness; defendant had served prior prison and jail terms; defendant was on probation when the current crime was committed and his prior performance on parole or probation was unsatisfactory; defendant had not shown a willingness to comply with the terms of his probation; defendant had not shown remorse; and if not imprisoned, there was a likelihood defendant will be a danger to others. As indicated by defense counsel

12

during oral argument, the trial court found the aggravating factor of defendant's unsatisfactory performance on parole to be not true beyond a reasonable doubt because it was "unclear" whether or not defendant was on parole at the time he committed the instant offense. The probation report stated there were no circumstances in mitigation. (Cal. Rules of Court, rules 4.421, 4.423.) In light of the evidence before the court and despite the prior conviction being five years old, it properly concluded that dismissing the enhancement would not be in the furtherance of justice.

Defendant suggests the trial court was unaware of its discretion under section 1385 because the court "never explicitly mentioned section 1385[,]" did not consider some of the mitigating circumstances and did not state that the dismissal of the enhancement would endanger public safety. Although the court never mentioned section 1385 or state dismissal would endanger public safety, we presume the court was aware of the amended statute since it went into effect more than five months prior to the hearing. (See *People v. Thomas* (2011) 52 Cal.4th 336, 361 ["[i]n the absence of evidence to the contrary, we presume that the court 'knows and applies the correct statutory and case law'"].) Thus, we presume the court knows defendant's current conviction was not violent as no person was present when the residential burglary was committed. Further, defendant was convicted of his prior first degree burglary conviction in September 2017, which was committed in 2016, and he committed his current offense in November 2021. Thus, his prior burglary offense was about five years old from the current burglary offense. In contrast, there were multiple aggravating factors, as noted above. The court could easily

13

conclude the aggravating factors collectively outweighed the one or two mitigating factor(s). Significantly, defendant does not contend it was inappropriate for the court to consider any of the aggravating factors. Furthermore, we note that since the court imposed the enhancement, it necessarily found that dismissing it would endanger public safety. (§ 1385, subd. (c)(2).) The court mentioned emotional trauma associated with committing a residential burglary. In addition, the probation report noted that there was a likelihood defendant would be a danger to others if not imprisoned.

Our opinion in *Mendoza*, *supra*, 88 Cal.App.5th 287 is instructive. In that case, the defendant argued the record did not contain evidence suggesting that dismissal of the enhancement "'would endanger public safety, i.e., that it "would result in physical injury or other serious danger to others."'" (*Id*. at p. 298.) In rejecting that contention, we noted the trial court considered that a dismissal in that case would require the defendant's immediate release and there was a likelihood the defendant would commit a crime that would result in physical injury or serious danger to others. (*Id*. at p. 299.) The trial court also considered that the defendant discharged a gun with victims present during a home invasion robbery in his instant crime. (*Ibid*.) We concluded, "Given the [trial] court's consideration of the circumstances of the crime and the court's determination that a long sentence was necessary for [the defendant] to become rehabilitated after committing such a crime, we cannot say that the court's determination that dismissal of the enhancement 'would endanger public safety' (§ 1385(c)(2)) was 'so irrational or arbitrary that no reasonable person could agree with it' [citation]." (*Mendoza*, at p. 299.) Likewise, here

14

we cannot say the trial court's refusal to dismiss the prior serious felony conviction for residential burglary was "'so irrational or arbitrary that no reasonable person could agree with it'" (*ibid*.), given the court's consideration of the circumstances of the crime, prior felony offenses, and defendant's background.

Ultimately, defendant has failed to meet his burden """to clearly show that the sentencing decision was irrational or arbitrary.""" (*Carmony*, *supra*, 33 Cal.4th at p. 376.) He has not disputed the court's reasons for declining to dismiss the enhancement (his current crimes and background, including his criminal history and the aggravating factors). Because defendant has failed to show the court's reasoning for not striking the enhancement was irrational or arbitrary, the """court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.""" (*Carmony*, at pp. 376-377.)

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

15